UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KAREN EMERICK,
  *Plaintiff*,

v.

NANCY A. BERRYHILL,
  *Defendant*.

No. 3:17-cv-00658 (JAM)

### RULING ON CROSS MOTIONS TO REMAND AND AFFIRM DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

Plaintiff Karen Emerick alleges that she is disabled and cannot work because of complications from chronic Lyme disease. She filed this action pursuant to 42 U.S.C. § 405(g) seeking review of a final decision denying her application for social security disability insurance benefits. For the reasons set forth below, I will grant plaintiff's motion to remand the decision of the Commissioner (Doc. #25), and I will deny the Commissioner's motion to affirm the decision of the Commissioner (Doc. #28).

#### BACKGROUND

The Court refers to the transcripts provided by the Commissioner. *See* Doc. #11-1 through Doc. #11-14. Plaintiff filed an application for social security disability income on August 5, 2013, alleging a disability beginning on February 1, 1997. Plaintiff's claim was initially denied on November 22, 2013, and denied again upon reconsideration on March 6, 2014. She then filed a written request for a hearing on March 14, 2014.

Plaintiff appeared and testified at a hearing before Administrative Law Judge (ALJ) John Noel on August 5, 2015. Plaintiff was not represented by counsel. On September 16, 2015, the ALJ issued a decision concluding that plaintiff was not disabled within the meaning of the Social

Security Act. *See* Doc. #11-3 at 45–49. The Appeals Council affirmed the decision of the ALJ on March 21, 2017. Plaintiff then filed this federal action on April 20, 2017.

To qualify as disabled, a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months," and "the impairment must be 'of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 45 (2d Cir. 2015) (quoting 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A)).

To evaluate a claimant's disability, and to determine whether she qualifies for benefits, the agency engages in the following five-step process:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed [in the so-called "Listings"] in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant has a listed impairment, the Commissioner will consider the claimant disabled without considering vocational factors such as age, education, and work experience; the Commissioner presumes that a claimant who is afflicted with a listed impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the burden then shifts to the Commissioner to determine whether there is other work which the claimant could perform.

*Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122–23 (2d Cir. 2012) (alteration in original) (citation omitted); *see also* 20 C.F.R. § 416.920(a)(4)(i)–(v). In applying this framework, an ALJ may find a claimant to be disabled or not disabled at a particular step and may make a decision

2

without proceeding to the next step. *See* 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proving the case at Steps One through Four; at Step Five, the burden shifts to the Commissioner to demonstrate that there is other work that the claimant can perform. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).

The ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act. At Step One, the ALJ determined that plaintiff last met the insured status requirement of the Social Security Act on June 30, 2001. Doc. #11-3 at 47. Plaintiff had not engaged in substantial gainful activity since February 1, 1997, through her date of last insured. *Ibid.*

At Step Two, the ALJ found that plaintiff did not have any medically determinable impairments as of her date of last insured. *Id.* at 48. The ALJ concluded the analysis at Step Two and found that plaintiff was not disabled within the meaning of the Social Security Act. *Id.* at 49.

## DISCUSSION

Plaintiff contends that the ALJ erred in finding that she did not have a medically determinable impairment as of her date last insured. The ALJ reached this conclusion after discrediting the finding of Enrico Liva, plaintiff's provider during the relevant period, because Liva is a "naturopath" and not a licensed physician. Doc. #11-3 at 48–49. The parties do not dispute that "naturopaths" are not acceptable medical sources and "cannot establish the existence of a medically determinable impairment." SSR 06-03P, 2006 WL 2329939, at *2 (Aug. 9, 2006).

The ALJ also acknowledged that plaintiff first tested positive for Lyme disease in July 2005 and was diagnosed with Lyme disease by Dr. Kornelia Keszler in September 2006. Doc. #11-3 at 49. But the ALJ concluded that the positive test and diagnosis failed to retroactively establish the existence of a medically determinable impairment prior to 2001. *Ibid.* Furthermore,

3

the ALJ also rejected the opinion of Dr. Lois Wurzel, a state agency medical consultant, because Dr. Wurzel relied on Liva's findings. The ALJ therefore concluded that there were "no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured." *Ibid.*

Plaintiff argues that the ALJ erred by failing to consider acceptable medical sources in the record indicating that plaintiff's Lyme disease had been present for many years prior to her diagnosis, including the records of Dr. Amiram Katz. Plaintiff further argues that the ALJ's failure to give controlling weight to the retrospective opinion of Dr. Katz violated the treating physician rule. The Second Circuit has stated that the treating physician rule does not apply to a physician who treats a claimant after the insured period. *See Monette v. Astrue*, 269 F. App'x 109, 112 (2d Cir. 2008). "However, the fact that a treating physician did not have that status at the time referenced in a retrospective opinion does not mean that the opinion should not be given some, or even significant weight. Indeed, we have regularly afforded significant weight to such opinions." *Id.* at 113. But an ALJ may decline to give such an opinion significant weight where there is "substantial evidence that the opinion is contradicted by other evidence." *Ibid.*

In this case, the ALJ did not consider or discuss at all the retrospective opinion of Dr. Katz that he believed that plaintiff's Lyme disease may have been present for many years since a tick bite in 1980. Doc. #11-13 at 144–45. Moreover, Dr. Katz concluded to a reasonable degree of medical certainty that plaintiff's various limitations were present since 1998. *Id.* at 135. The ALJ did not expressly reject this finding nor did he cite any substantial evidence in the record contradicting Dr. Katz's assessment. I conclude that the ALJ erred in not considering at all the retrospective opinion of Dr. Katz.

4

Plaintiff further argues that the ALJ erred in dismissing the opinion of Dr. Wurzel. The Commissioner argues that Dr. Wurzel's opinion was based exclusively on evidence from Liva and based on Dr. Wurzel's mistaken assumption that Liva was a doctor. But Dr. Wurzel's opinion states that "this is a claimant with longitudinal findings of moderate right hand tremor in the setting of seropositive Lyme exposure since AOD. Longitudinal PE's during the Title II period (DLI 6/30/01) *by multiple treating physicians* indicate consistently nonfocal neurophysical findings (aside from right hand tremor), and there was nonspecific CNS imaging." Doc. #11-4 at 37 (emphasis added). Accordingly, it appears Dr. Wurzel considered multiple sources, not only Liva, in reaching her conclusion that plaintiff was severely impaired. Accordingly, I conclude that the ALJ erred in dismissing the opinion of Dr. Wurzel.

Because the ALJ did not consider Dr. Katz's opinion and did not correctly characterize the basis for the opinion of Dr. Wurzel, I conclude that the ALJ's finding that plaintiff did not have a medically determinable impairment as of the date last insured was not supported by substantial evidence.

Plaintiff also claims that the ALJ has failed to fulfill his duty to develop the record and "to investigate and develop the facts and develop the arguments both for and against the granting of benefits." *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir. 2011). This duty is heightened for a *pro se* claimant. *Morris v. Berryhill*, 721 F. App'x 25, 27 (2d Cir. 2018). As discussed above, there was evidence in the record suggesting that plaintiff's Lyme disease had been ongoing for many years. *See Rogers v. Astrue*, 895 F. Supp. 2d 541, 551 (S.D.N.Y. 2012) (remanding because "it was legal error for the ALJ to rely on Plaintiff's lack of evidence from the relevant time period to deny benefits without first attempting to adequately develop the record, or to pursue or consider the possibility of retrospective diagnosis"); *Martinez v.*

5

*Massanari*, 242 F. Supp. 2d 372, 378 (S.D.N.Y. 2003) ("ALJ's failure to pursue and consider the possibility of retrospective diagnosis based on . . . subsequent tests and treatments was error."). On remand, the ALJ should ensure that there is a fully developed record to make a determination whether plaintiff was subject to a medically determinable impairment as of the date she was last insured.

## CONCLUSION

Plaintiff's motion to remand the decision of the Commissioner (Doc. #25) is GRANTED, and the Commissioner's motion to affirm the decision of the Commissioner (Doc. #28) is DENIED.

It is so ordered.

Dated at New Haven this 10th day of September 2018.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge